UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv292

| | |
|---|---|
| **VERGIL HOSS FLOWERS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **SUSAN WHITE,** Correctional Admini- ) | |
| strator, Mountain View Correctional ) | |
| Institution; ) | |
| **MARGIE LAWLER,** Assistant Superin- ) | |
| tendent for Custody and Operations, ) | |
| Mountain View Correctional Institution; ) | **O R D E R** |
| **ELLEN WILEY,** Nurse Supervisor, ) | |
| Mountain View Correctional Institution; ) | |
| **(FNU) CRAWFORD,** Physician, ) | |
| Mountain View Correctional Institution; ) | |
| and ) | |
| **ELIZABETH WALLACE,** Inmate ) | |
| Grievance Examiner, North Carolina ) | |
| Department of Correction, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court upon Plaintiff's civil rights Complaint filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

Plaintiff alleges that Defendants are subjecting him to deliberate indifference because they refuse to waive the State Department of Correction's five-year waiting period[1] and immediately replace his stolen dentures. (Id. at 5-7). At some point prior to January 2010, Plaintiff's dentures allegedly were stolen and shortly thereafter, he began to experience bleeding gums, stomach problems due to his inability to properly chew his food, and facial disfigurement.

---

[1] Plaintiff alleges that the N.C. Department of Corrections has a policy by which they "only replace dentures every 5 years." (Doc. No. 1 at 2).

(Id. at 5). Plaintiff further alleges that when he complained about his condition and asked Defendants for new dentures, Defendant Crawford advised him to request a waiver of the five-year policy from Mike Slagle, and Defendant White advised him to return to the grievance process to pursue his request and refused to intervene on his behalf. (Id.). Plaintiff reports that Mr. Slagle denied his request for a waiver; that his second round of grievances also was unsuccessful; that Defendants Lawler and Wiley denied his requests on the basis of the Department's five-year policy; and that Defendant Wallace agreed with the Prison's determination that he will not become eligible for new dentures until late 2012. (Id. at 5-7). By way of relief Plaintiff seeks new dentures, declaratory relief, and monetary compensation. (Id. at 6).

Plaintiff's allegations are sufficient to withstand the Court's initial frivolity review. Therefore, Defendants will be directed to Answer to Plaintiff's allegations.

**IT IS, THEREFORE, ORDERED** that :

(1) The Clerk shall prepare process for Defendants and deliver it to the U.S. Marshal;

(2) The U.S. Marshal shall serve process upon Defendants; and

(3) Defendants shall Answer Plaintiff's allegations in accordance with the Federal Rules of Civil Procedure.

Signed: December 15, 2011

Robert J. Conrad, Jr.
Chief United States District Judge