# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:11-cv-292-RJC

| | |
|---|---|
| VIRGIL HOSS FLOWERS, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| SUSAN WHITE, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6).

## I. BACKGROUND

According to his complaint, Plaintiff is a prisoner of the State of North Carolina, housed in the Mountain View Correctional Institution ("Mountain View") within the Western District. (Doc. No. 1 at 3). Plaintiff alleges that the Defendants have been deliberately indifferent to his serious medical needs, in violation of his rights as guaranteed by the Eighth Amendment. Plaintiff brings this action under 42 U.S.C. § 1983 seeking damages, and declaratory and injunctive relief for violation of his constitutional rights.[1]

Plaintiff alleges that the North Carolina Department of Corrections has a policy which provides that if an inmate's dentures are lost or stolen, the inmate must wait five (5) years before he or she is entitled to have the dentures replaced. (Id. at 5). Plaintiff claims that his dentures were stolen and that he was subject to this five-year policy. Shortly after his dentures were

---

[1] The facts, as alleged in the complaint, are accepted as true at this stage of the proceedings.

1

stolen, Plaintiff began to experience "bleeding gums, stomach problems due to lack of ability to properly chew food and facial disfigurement due to loss" of his dentures. (Id.). On January 6, 2010, Plaintiff was examined by a dentist within the prison named Dr. Crawford who informed him that he should contact Defendant Slagle. Dr. Crawford stated that Slagle could possibly "override" the five-year policy and authorize dentures at an earlier time. Plaintiff identifies Slagle as an Assistant Superintendent at Mountain View. (Id. at 3). Plaintiff wrote Slagle and explained his "serious dental problems" but Slagle denied Plaintiff any assistance. (Id. at 5).[2]

On June 9, 2010, Plaintiff notified Defendant Lawler, whom Plaintiff identifies as an Assistant Superintendent within Mountain View, about his "serious dental problems." Lawler discussed the issue with Defendant Wiley, a nurse supervisor, and they agreed that they must deny Plaintiff assistance based on the five-year policy. (Id. at 3,5).

In his claim for relief, Plaintiff seeks a declaratory judgment which finds that Defendants White, Wallace, Slagle, Lawler, and Wiley violated his constitutional rights through their deliberate indifference to his serious medical needs. Plaintiff seeks injunctive relief which would require that he be provided with new dentures immediately, and Plaintiff seeks sanctions against the Defendants for violation of his constitutional rights. Plaintiff asks for compensatory damages against each Defendant in the amount of $20,000 for pain and suffering caused by their deliberate indifference, and $20,000 in punitive damages for each Defendants' willful, reckless indifference to his rights. (Id. at 6).

## II.    LEGAL STANDARD

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal

---

[2] A summons was issued by the Clerk of Court for service on Defendant Crawford however no summons was ever reported as served on Crawford by the U.S. Marshal.

2

law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim); Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 107-08, n.4 (1989) ("A claim based on a statutory violation is enforceable under § 1983 only when the statute creates 'rights, privileges, or immunities' in the particular plaintiff ."). A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.3d 387 (4th Cir.1990).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is not necessary that Plaintiff allege exhaustive, "detailed factual allegations," but [Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555).

## III. DISCUSSION

In order for liability to attach in a Section 1983 action, a defendant's conduct must have been the cause of the alleged constitutional or statutory violation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978). The Eighth Amendment protects inmates from prison officials or prison medical personnel who act with deliberate indifference to their serious medical needs. See

Farmer v. Brennan, 511 U.S. 825, 831 (1994). Deliberate indifference requires proof that the defendants knew of and purposefully ignored "an excessive risk to inmate health or safety . . ." Id. at 837. The evidence must show that the defendant was "both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause . . ." Whitley v. Albers, 475 U.S. 312, 319 (1986), abrogated on other grounds by Wilkins v. Gaddy, 130 S. Ct. 1175 (2010).

Plaintiff contends the Defendants have violated his Eighth Amendment rights by refusing to assist him in obtaining new dentures. Plaintiff participated in the prison's grievance procedure and was informed time and again that the policy of the North Carolina Department of Corrections ("DOC") was that an inmate may only receive replacement dentures once in a five-year period.[3] In his complaint, Plaintiff acknowledges the five-year policy as it relates to the replacement of dentures. Plaintiff states that the "North Carolina Department has a policy that if an inmate's dentures are lost or stolen, the inmate must wait five years before the dentures are replaced." (Doc. No. 1 at 5).[4] Plaintiff raised the claim that the five-year policy was unconstitutional with one or more Defendants. (Id. at 7: "I complained that the 5 year waiting policy violated the Constitution and was deliberately indifferent.").

Plaintiff alleges that the dentist, Dr. Crawford, explained that he should contact

---

[3] As of January 1, 2012, the North Carolina Department of Correction was consolidated into the North Carolina Department of Public Safety as the Division of Adult Correction. See N.C. GEN. STAT. § 143B-600 (2011).

[4] Based on the date Plaintiff lost his dentures, he will be eligible for new dentures in December 2012. (Doc. No. 22-3 at 1, 3-4).

Defendant Slagle to seek an override of the five-year policy. As noted, Plaintiff contacted Slagle and was unsuccessful. Plaintiff next participated in the grievance procedure in an effort to obtain new dentures in advance of the expiration of the five-year time period. Plaintiff's grievances were denied at each step with the explanation of the DOC five-year time period. See (Doc. No. 22-3: North Carolina Department of Correction, Division of Prisons, Administrative Remedy Procedure at 3-4: "[I]t is DOC Dental Section Policy that inmate patients are eligible to have dentures made only once in a five year period.").[5]

The five-year dental policy was thus explained in the responses to Plaintiff's grievances. The dental policy is also explained in the Health Services Policy & Procedure Manual which is attached to Defendants' motion to dismiss. (Doc. No. 22-2 at 2 ¶ 3(b)). The policy provides in relevant part that "[f]ull dentures and partial dentures will be allowed only once in a five year period except under extenuating circumstances and with the approval of the Dental Director." (Id.). The policy appears to provide that the Dental Director has the sole authority to provide a waiver to the five-year dental policy. That the Dental Director would have the sole ability to consider and decide whether to grant or deny a waiver does not appear to have been explained to Plaintiff in the responses to his grievances, and Plaintiff only appears to have learned of this sole authority after receiving Defendants' motion to dismiss. (Doc. No. 25: Plaintiff's Response to Defendants' Motion to Dismiss at 4: "The defendants state that the 5 year policy can be

---

[5]Defendants have attached exhibits to their motion to dismiss. The Court finds these documents are proper to consider in deciding the motion to dismiss as each of the documents are directly relevant to the allegations which Plaintiff raises in his complaint. See Phillips v. Pitt County Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (holding that a court may properly "consider documents attached to the complaint . . . as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.").

overridden. But, defendants never told plaintiff what qualifications he had to [meet] and/or who to contact to have the 5 year policy overridden, as defendants stated in their motion to dismiss.").

Plaintiff's complaint makes plain that he was fully aware that the DOC represented his ultimate barrier to securing new dentures. Yet, Plaintiff has not named the DOC as a defendant in his complaint. Plaintiff's complaint acknowledges that the Defendants could not order that he receive new dentures in advance of the five-year time period. Rather, Plaintiff contends that despite this lack of authority, the Defendants have violated his constitutional rights because they have failed to further assist him in obtaining new dentures even though one or more of the Defendants explained the clear policy of the DOC.

Accepting Plaintiff's allegations as true, there is simply no indication on this record that any of the Defendants denied Plaintiff the opportunity for the installation of new dentures based on their own authority. While Plaintiff does not appear to have been informed that the Dental Director could provide a waiver of the time period until after the lawsuit was filed, Plaintiff knew full well that the DOC policy was preventing him from obtaining new dentures prior to the naming of defendants and the filing of the complaint. Further, Plaintiff complained that the five-year waiting period, a DOC policy, was unconstitutional to one or more defendants prior to filing his complaint. (Doc. No. 1 at 7).

In sum, the named Defendants denied Plaintiff's requests for new dentures, and his grievances which challenged this denial, because they had no choice but to do so because of the DOC policy. The DOC policy is not a policy promulgated by Mountain View Correctional Institution or by the individual Defendants. Plaintiff has therefore named defendants that did not have the authority to grant his request for new dentures and his claim will therefore be dismissed for failure to state a claim for relief against these Defendants.

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion to Dismiss for failure to state a claim for relief is **GRANTED**. (Doc. No. 21).

2. Plaintiff's Complaint is **DISMISSED** with prejudice. (Doc. No. 1).

Signed: September 28, 2012

Robert J. Conrad, Jr.
Chief United States District Judge